UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**MARY MACNAUGHTON, M.D.,**          )
                                                    )   CIVIL ACTION
**Plaintiff,**                                )
                                                    )   NO.  4:19-40016-TSH
**v.**                                          )
                                                    )
**THE PAUL REVERE LIFE INSURANCE**   )
**COMPANY & UNUM GROUP,**            )
                                                    )
**Defendants.**                           )
_____)

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO TRANSFER VENUE
### (Docket No. 14)

**September 20, 2019**

**HILLMAN, D.J.**

Mary MacNaughton, M.D. ("Plaintiff"), sued The Paul Revere Life Insurance Company ("Paul Revere") and Unum Group ("Unum") (collectively "Defendants") for long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. ch. 18 § 1001 et seq.  Defendants move to transfer the case to the District of Kansas.  (Docket No. 14). For the following reasons, Defendants' motion is ***denied***.

### Background

Plaintiff, a resident of Kansas, received long-term disability coverage through her employer, Alliance Radiology, P.A ("Alliance").  (Docket No. 1 at 2, 7).  Paul Revere, an insurance company formed under the laws of the Commonwealth of Massachusetts, issued the Alliance plan.  (Docket No. 1 at 2, 7).  Paul Revere is a subsidiary of Unum, an insurance holding company formed under the laws of the State of Delaware.  (Docket No. 1 at 2–3).

1

In August 2007, Plaintiff filed a claim for benefits related to ischemic optic neuropathy,[1] which caused her to experience "blurred, hazy vision, eye strain, eye twitching, headaches, and [double vision]."  (Docket No. 1 at 7).  Unum approved Plaintiff's claim effective September 2, 2007.  (Docket No. 1 at 9).  It continued to pay benefits to Plaintiff through December 15, 2017, at which Unum sent Plaintiff a letter terminating her claim because she was allegedly "no longer physically impaired from working in her occupation."  (Docket No. 1 at 9).

Plaintiff appealed the termination.  (Docket No. 1 at 9).  Unum upheld its termination in a letter dated September 20, 2018.  (Docket No. 1 at 10).  Plaintiff filed an ERISA action in this Court to recover her benefits, and Defendants now move to transfer venue to the U.S. District Court for the District of Kansas.  (Docket No. 14).

## Legal Standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice."  A defendant "bears the burden of showing both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *See Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000).  "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  This presumption may be overcome, however, when considerations of convenience and judicial efficiency "clearly point towards trial in the alternative forum." *Id.*

---

[1] Ischemic optic neuropathy is a condition in which blood does not flow properly to an individual's optic nerve.

To determine whether "considerations of convenience and judicial efficiency" point towards trial in the alternative forum, courts weigh the private and public interests at stake. Factors in the private interest analysis include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing[] witnesses; possibility of [a] view of premises, if [a] view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Factors in the public interest analysis include the "administrative difficulties of docket congestion; the general goal of 'having localized controversies decided at home,' and concomitantly, ease of access to the proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty." *Iragorri*, 203 F.3d at 12 (quoting *Gilbert*, 330 U.S. at 508–09).

**Discussion**

Plaintiff does not dispute that she could have brought this action in the District of Kansas. (Docket No. 20).  And Defendants admit that the private interest factors are neutral in this case.[2] (Docket No. 15 at 6).  Thus, the parties' disagreement centers on whether public interest factors point towards trial in the District of Kansas.  *See Iragorri*, 203 F.3d at 12.  Defendants offer four reasons that the public interest factors favor transfer.  (Docket No. 15 at 6–13).

First, Defendants contend that the District of Kansas is the only forum with a local interest in resolution of this case.  (Docket No. 15 at 6).  The Court agrees that the District of Kansas has a strong local interest in this case.  Plaintiff and Alliance reside in Kansas, the

---

[2]   Because Plaintiff has filed a claim under ERISA, the case will be decided primarily upon the administrative record. (Docket Nos. 15 at 6, 20 at 7, 10–11).  Sources of proof, witness attendance, and the ease and costs of trial will not pose any major issue.  (Docket No. 15 at 6).

alleged breach occurred in Kansas,[3] and Alliance has offered this plan to other employees in Kansas. But Defendants err in suggesting that Massachusetts does not also have an interest in this case. Paul Revere is a Massachusetts-based corporation (Docket No. 1 at 2), and states have an interest in ensuring that their corporations comply with governing law, *cf. Ovist v. Unum Life Ins. Co. of Am.*, No. 4:17-CV-40113-TSH, 2018 WL 3853739, at *6 (D. Mass. May 2, 2018). Because Kansas and Massachusetts both have a local interest in the resolution of this case, the Court finds this factor neutral.

Second, Defendants contend that the docket at the District of Massachusetts is more congested than the docket at the District of Kansas. (Docket No. 15 at 7). The difference in caseload, however, is only 20 cases, and the difference in average time for disposition is roughly three months. (Docket Nos. 15 at 7, 15-1 at 2–3). Under these circumstances, the Court declines to find that docket congestion weighs in favor of transfer.

Third, Defendants maintain that this case has no relation to Massachusetts. (Docket No. 15 at 10–11). The Court disagrees. Paul Revere is a Massachusetts-based corporation, and at least one medical review occurred in Massachusetts. (Docket Nos. 1 at 2, 16-1 at 2, 21 at 2). Plaintiff, moreover, has alleged additional facts which, if taken as true, would further relate this claim to Massachusetts.[4] For example, she asserts that (1) some claim handling took place in Massachusetts, (2) Unum's doctor issued a report from Massachusetts, and (3) the appeal

---

[3] Courts disagree on how to determine where a breach took place. Some courts look to "the place where payment was denied," while others look to "the place where payment was to be received." *See Cole v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Mass. 2002). For the purposes of this motion, the Court assumes without deciding that the breach occurred where payment was to be received, i.e., Kansas, because it does not alter the Court's determination on this factor.

[4] Defendants dispute the truth of these allegations. (Docket No. 24).

information and claim file were assembled in Massachusetts.  (Docket No. 21 at 2–3).  Given this record, the Court rejects the contention that Massachusetts bears no relation to the claim.

Finally, Defendants assert that Plaintiff engaged in forum shopping.  According to Defendants, Plaintiff could have no other "reasonable explanation" for her "choice to file her complaint in Massachusetts."  (Docket No. 15 at 11).  The Court rejects this argument.  As noted above, Massachusetts bears a relation this claim based on the location of Paul Revere and at least one medical review.  (Docket Nos. 1 at 2, 16-1 at 2, 21 at 2).  Because Plaintiff had a valid reason to file her complaint in Massachusetts, the Court declines to find she engaged in forum shopping.

In sum, Defendants have failed to meet their burden of showing that private or public interest factors weigh in favor of transferring this case to the District of Kansas.  The Court therefore ***denies*** the motion.

## Conclusion

For the reasons stated above, Defendants' motion is ***denied***.  (Docket No. 14).  The case remains in the District of Massachusetts.

**SO ORDERED**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
