UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARY MACNAUGHTON, M.D., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:19-40016-TSH |
| v. | ) ) ) | |
| THE PAUL REVERE LIFE INSURANCE COMPANY and UNUM GROUP, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER AND MEMORANDUM ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUGDE'S ORDER (Docket No. 55)

November 8, 2021

**HILLMAN, D.J.**

In 2007, after an eye injury prevented the plaintiff, Mary MacNaughton, from continuing to work as a radiologist, she was granted long-term disability benefits under her employer's insurance plan, issued by the defendants, Unum Group and The Paul Revere Life Insurance Company. In 2015, the plaintiff rejected an offer from the defendants to buy out her claim. In 2017, after the plaintiff's new physician declined to give the defendants an opinion on the plaintiff's condition, the defendants sent the plaintiff from her home in Kansas to a doctor in Chicago for an examination. The doctor in Chicago opined that the plaintiff could work full time as a radiologist. On December 15, 2017, the defendants terminated the plaintiff's benefits. Following an internal appeal, the defendants upheld their decision.

The plaintiff subsequently sued the defendants in federal court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. In pretrial motions,

the plaintiff sought to exclude three documents from the administrative record, and to take a Rule 30(b)(6) deposition.  Upon referral, a magistrate judge denied the motions.  The plaintiff now objects to the magistrate judge's decision pursuant to Fed. R. Civ. P. 72(a).  Discerning no error in the magistrate judge's decision, the Court ***overrules*** the plaintiff's objection.

## Standard of Review

In reviewing a timely-objected-to non-dispositive decision by a magistrate judge, the Court must determine whether any part of the decision is "clearly erroneous" or "contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The Court must accept the magistrate judge's factual findings absent "a strong, unyielding belief that a mistake has been made."  *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (quoting *Cumpiano v. Banco Santander Puerto Rico*, 902 F.2d 148, 152 (1st Cir. 1990)).  The Court reviews the magistrate judge's legal conclusions de novo.  *See In re HIPAA Subpoena*, 961 F.3d 59, 64 (1st Cir. 2020); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  The Court reviews mixed questions of law and fact on a sliding scale: more fact intensive questions are subject to more deferential review; more law intensive questions are subject to less deferential review.  *See In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013); *In re Fin. Oversight and Mgmt. Bd. of P.R.*, 390 F. Supp. 3d 311, 318 (D. P.R. 2019); *Khath v. Midland Funding*, 334 F. Supp. 3d 499, 506 (D. Mass. 2018).

## Discussion

### 1. Motion to Exclude

The plaintiff argues that the magistrate judge erred in denying her motion to exclude three documents from the administrative record: two substantively similar versions of a "Group Insurance Booklet-Certificate," and a document titled "Notice to Applicants."  These documents, created by the defendants in reference to the insurance plan issued to the plaintiff's employer,

contain language arguably granting the defendants discretionary authority to make benefit determinations under the plan. Such language could require the court to review the defendants' decision to terminate the plaintiff's benefits for an abuse of discretion, rather than de novo. *See Stephanie C. v. Blue Cross Blue Shield of Mass. HMO Blue, Inc.*, 813 F.3d 420, 427 (1st Cir. 2016). The plaintiff argued in her motion that exclusion was required because the defendants had failed to produce the documents pre-suit to plaintiff's counsel.[1]

The magistrate judge denied the motion, reasoning that pre-suit disclosure of the documents was not mandated by the federal regulations pertaining to appeals of adverse benefit determinations. *See* 29 C.F.R. § 2560.503-1(h)(1). The plaintiff does not contend otherwise. Instead, the plaintiff maintains that the documents should have been disclosed because plaintiff's counsel requested them. The plaintiff cites to no authority, however, for the proposition that undisclosed documents must be excluded from the administrative record.

In a denial-of-benefits claim, a court is tasked with determining whether benefits properly were denied. In completing that task, a court generally is confined to the administrative record, or the "evidence that was presented to the administrator." *Doe v. Harvard Pilgrim Health Care, Inc.*, 904 F.3d 1, 6 (1st Cir. 2018). The scope of the administrative record, the focus of which is on the evidence available *to the administrator*, does not appear to turn on whether evidence in the

---

[1] The plaintiff also argued that the documents were not part of the insurance plan. The magistrate judge concluded that the Notice to Applicants, a one-page document included in the plaintiff's employer's application for the insurance plan, was part of the plan's "written instrument," *Tetreault v. Reliance Std. Life Ins. Co.*, 769 F.3d 49, 54-55 (1st Cir. 2014), which expressly included "applications of the Participating Employers." Although the plaintiff maintains that she did not have adequate notice of the document, she does not contest this conclusion. The magistrate judge concluded that the Certificates were *not* part of the plan, *see CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011), but that their discretionary language was not in conflict with the plan, which, through the Notice to Applicants, also contains discretionary language, *see Bonnano v. Blue Cross and Blue Shield of Mass., Inc.*, 2011 WL 4899902, at *7 n.4 (D. Mass. Oct. 14, 2011). These conclusions were neither clearly erroneous nor contrary to law.

administrator's possession was disclosed to the plaintiff, especially where, as here, federal regulations did not require disclosure.

Moreover, the rule generally prohibiting review of "extra-administrative record evidence going to the substance of the [benefits] decision" is based on interests of finality and exhaustion; the "decision to which judicial review is addressed is the final ERISA administrative decision." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). Here, the documents in question do not relate to the substance of the defendants' decision to terminate the plaintiff's benefits. Indeed, the parties appear to agree that the import of the documents is their significance to the standard of review to be applied by the Court in assessing the benefits determination on the merits. The documents, therefore, need not be excluded from the record.

The plaintiff's argument that the Court should review the benefits determination de novo, rather than for an abuse of discretion, is misplaced on this motion. The cases she cites, which hold that a court should apply a de novo standard of review when a claimant does not have notice of a plan administrator's asserted discretion, say nothing about whether documents should be excluded from the record. *See Stephanie C.*, 813 F.3d at 427-29; *Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d 1, 14-16 (1st Cir. 2013); *Ruttenberg v. U.S. Life Ins. Co. of City of N.Y.*, 413 F.3d 652, 660 (7th Cir. 2005). Accordingly, there was no error.

### 2. Motion for Discovery

The plaintiff also contends that the magistrate judge erred in denying her motion to take a Rule 30(b)(6) deposition. The plaintiff argued that discovery was necessary due to the structural conflict that exists when insurers like the defendants pay *and* adjudicate benefits. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). The magistrate judge denied the motion. While judicial review of a denial-of-benefits claim generally is confined to the administrative record, *see*

*Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003), conflict-related discovery is warranted "to the extent that there are gaps in the administrative record," *Denmark v. Liberty Life Assur. Co.*, 566 F.3d 1, 10 (1st Cir. 2009).  Here, the magistrate judge found that there were no gaps in the record.

The magistrate judge also reasoned that the plaintiff had not shown that the defendants' decision to terminate benefits was influenced by a structural conflict.  *See Tracia v. Liberty Life Assur. Co. of Boston*, 2014 WL 6485873, at *3 (D. Mass. Nov. 19, 2014); *Al-Abbas v. Metlife Life Ins. Co. of Am.*, 2013 WL 5947996, at *3 (D. Mass. Nov. 4, 2013); *Estrella v. Hartford Life and Accident Ins. Co.*, 271 F.R.D. 8, 9-10 (D. Mass. 2010).  To this, the plaintiff objects, arguing that the defendants' decision to send her from Kansas to Chicago for an examination, and the fact that the defendants terminated benefits after offering to buy out her claim, suggest that the defendants' financial interest in paying benefits drove their decision to terminate benefits.[2]  To the contrary, the magistrate judge found that the defendants were justified in sending the plaintiff to Chicago because the defendants' attempts to schedule an examination closer to her home were unsuccessful.  Moreover, the mere fact that the defendants offered to buy out the plaintiff's claim, and then two years later terminated benefits -- after a doctor opined that the plaintiff could return to work -- does not raise a reasonable inference of bias, warranting discovery.  Again, there was no error.

## Conclusion

The plaintiff's objection to the magistrate judge's order is ***overruled***.

---

[2] The plaintiff's argument that the defendants violated federal regulations by failing to disclose a medical report generated during her appeal was not raised before the magistrate judge and, therefore, is forfeited for purposes of this motion.  *See United States v. Mendoza-Maisonet*, 962 F.3d 1, 16 (1st Cir. 2020); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**