**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MARY MACNAUGHTON, | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | NO. 4:19-40016-TSH |
| v. | ) ) ) |  |
| THE PAUL REVERE LIFE INSURANCE COMPANY, UNUM GROUP, | ) ) ) |  |
| Defendants. | ) ) ) |  |

### ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (Docket No. 86)

**November 28, 2022**

**HILLMAN, D.J.**

Dr. Mary MacNaughton ("plaintiff") filed an action against The Paul Revere Life Insurance Company and the Unum Group ("defendants") to recover unpaid benefits. This court granted plaintiff's motion for summary judgment, ordering a remand of that determination consistent with the order to the defendants. (Docket No. 81). Plaintiff now moves, as the prevailing party, for an award of attorney's fees and costs. (Docket No. 86). For the reasons below, the Court ***grants in part*** and ***denies in part*** that motion.

### Background

The facts of this case can be found in this Court's order on summary judgment. (Docket No. 81). The plaintiff received benefits from a long-term disability plan insured by the defendants for approximately ten years. The defendants terminated those benefits based on new medical opinions, which the plaintiff appealed. The defendants affirmed their decision, and the

plaintiff filed an action in this Court. More importantly for this motion is the procedural history of the case. At the outset, the defendants filed a motion to transfer, arguing the case should be heard in Kansas, where the plaintiff resides. (Docket No. 14). After significant briefing, that motion was denied. (Docket No. 26). The plaintiffs then made two discovery motions, a motion to exclude documents from the administrative record, (Docket No. 37) and a motion for discovery, (Docket No. 39). Those motions were referred to Magistrate Judge Hennessy, who denied them. (Docket No. 53). Plaintiff then objected to that decision, (Docket No. 55), and was overruled by this Court, (Docket No. 60).

The parties cross-filed for summary judgment, (Docket No. 63; Docket No. 66), and this Court granted summary judgment for the plaintiff. (Docket No. 81). This order was based on the non-disclosure during the appeals process of a medical opinion that the defendants relied on to deny benefits. That non-disclosure prejudiced the plaintiff because she had no opportunity to rebut it.

However, many of plaintiff's arguments failed. Rather than ruling that the standard of review was de novo as plaintiff argued, this Court held that it could only review under the "arbitrary, capricious, or abuse of discretion standard." The ruling on the standard foreclosed most of the plaintiff's arguments that took issue with the merits of defendants' decision to deny benefits. (Docket No. 68). Accordingly, this Court ordered a remand rather than determining that plaintiff was entitled to benefits.

## Analysis

In ERISA cases, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This requires "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In the First

Circuit, this consists of a two-part analysis. First, the court determines whether the prevailing party is eligible for attorney's fees at all. Then, the court determines what reasonable attorney's fees are given the circumstances of the case.

### 1. Eligibility for Attorney's Fees

Neither the Supreme Court nor the First Circuit have held that a remand in an ERISA case guarantees attorney's fees, though a remand can justify them. *Hardt*, 560 U.S. at 255-56; *Gross v. Sun Life Assurance Co. of Can.*, 763 F.3d 73, 79 (1st Cir. 2014) (*Gross II*).[1] "A remand to the claims administrator for reconsideration of benefits entitlement *ordinarily* will reflect the court's judgment that the plaintiff's claim is sufficiently meritorious that it must be reevaluated fairly and fully." *Id.* at 78 (emphasis added).

In other words, there is a soft presumption that a remand to a claims administrator justifies attorney's fees. *See, e.g.*, *Host v. First Unum Life Ins. Co.*, 13-cv-11578-GAO, 2019 WL 343255, at *1 (D. Mass. Jan. 28, 2019); *Hatfield v. Blue Cross & Blue Shield of Mass., Inc.*, 162 F. Supp. 3d 24, 44 (D. Mass. 2016). While the plaintiff did not succeed on all of her claims, this Court found she was denied a "full and fair" hearing by the defendants. She was afforded an opportunity to rebut one of the reports that the defendants relied upon in making their determination of her benefit eligibility. Here, the plaintiff is eligible for attorney's fees.

### 2. Reasonable Attorney's Fees under the circumstances

The holdings in *Hardt* and *Gross II* established a threshold eligibility test, but they did not displace the factors courts in the First Circuit use to determine attorney's fees. *Doe v. Harvard Pilgrim Health Care, Inc.*, 974 F.3d 69, 76–77 (1st Cir. 2020); *see also Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225 (1st Cir. 1996) (discussing the five factors).

---

[1] This decision postdated *Gross v. Sun Life Assurance Co. of Can.*, 734 F.3d 1 (1st Cir. 2013), which is referred to in case law as *Gross I*. *Gross I* did not address attorneys' fees.

3

Those five factors are discussed below. These factors may justify not granting fees at all. *Harvard Pilgrim*, 974 F.3d at 76-77.

   a. *The degree of culpability or bad faith attributable to the losing party*

Courts in this District generally assume that there is some culpability if the insurance company in an ERISA case has lost, given that it necessarily means the insurance company did not comply with the law. *Hatfield*, 162 F. Supp. 3d at 44-45. However, some courts have held that culpability is heightened where the defendant relies on a discredited legal interpretation. *Ministeri v. Reliance Standard Life Ins. Co.*, 18-cv-10611-LTS, 2021 WL 9183824, at *4 (D. Mass. July 21, 2021). Here, the opposite is true: the defendant's non-compliance was confirmed by case law that post-dated the non-compliance. That does not, contrary to the defendants' contention, affect the merits of this decision insofar as that new case law merely clarified existing duties. However, it does cut against the plaintiff in awarding fees.

   b. *The depth of the losing party's pocket*

This is uncontested and goes for the plaintiff.

   c. *The extent (if at all) to which such an award would deter other persons acting under similar circumstances*

"The First Circuit has recognized the value of motivating fiduciaries to comply more attentively with the procedural obligations imposed by ERISA, *including through the development of complete administrative records*." *Hatfield*, 162 F. Supp. 3d at 45 (emphasis added); *accord Hoffman v. Packer*, 548 F. Supp. 3d 268, 271 (D. Mass. 2021). This goes in the plaintiff's favor because their victory incentivizes ERISA defendants to *proactively* hand over all relevant reports before making a final decision, rather than requiring appellants to make multiple requests for documents. The defendants argue that this case concerns a regulation that is no

longer in effect, but the new regulation has identical language to the language interpreted in the summary judgment order, so that argument fails. *See* 209 C.F.R. § 2560.503-1(h)(2)(iii).

   d. *The benefit (if any) that the successful suit confers on plan participants or beneficiaries generally*

This weighs in plaintiff's favor because it will encourage the defendants to proactively disclose relevant reports in other ERISA disputes. "Providing such deterrence can serve as a benefit to plan participants generally, the fourth factor." *Hatfield*, 162 F. Supp. 3d at 45. Nor does this appear to be a unique circumstance, considering the First Circuit ruling referenced in the summary judgment opinion. *See generally Jette v. United of Omaha Life Ins. Co.*, 18 F.4th 18 (1st Cir. 2021); *cf. Doe v. Harvard Pilgrim Health Care, Inc.*, 15-cv-10672, 2019 WL 3573523, at *15 (D. Mass. Aug. 6, 2019) (finding factor (4) was not met in a case with unique factual circumstances unlikely to be repeated).

   e. *The relative merit of the parties' positions*

This prong cannot be interpreted as a total bar to attorney's fees when the plaintiff does not receive benefits, or it would render the threshold eligibility analysis a nullity. *Gross II*, 763 F.3d at 85-86; *Hatfield*, 162 F. Supp. at 45. On the other hand, "where a plaintiff achieves 'only partial or limited success,' an award of attorney's fees based upon the litigation as a whole would be inappropriate." *Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson & Affiliated Co.*, 11-cv-10720-DPW, 2014 WL 1323751, at *3 (D. Mass. Mar. 31, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983)). Here, the plaintiff succeeded in (1) keeping the case in Massachusetts and (2) obtaining a remand, but failed on some discovery motions as well as in their central aim to obtain de novo review over defendants' decision. This partial success makes this prong a wash. Given that three of the five factors go for the plaintiff and only one goes toward the defendants, and given the partial success of the

plaintiff, this Court holds that a reduced award is appropriate in these circumstances, as discussed below.

### 3.  Determining the precise award

To determine the precise award, this Court must determine the lodestar, whether the hours worked were reasonable, and reduce for unsuccessful motions. *Gross II*, 763 F.3d at 86; *see generally Gross v. Sun Life Assurance Co. of Can.*, 105 F. Supp. 3d 130 (D. Mass. 2015), *aff'd in part, vacated in part sub nom.*, 880 F.3d 1, 25 (1st Cir. 2018) (*Gross III*).

#### a.  Determining the rate

The plaintiff requests that their counsels' "home" rates are honored ($800 and $550, for counsels Feigenbaum and Ravis, respectively), while the defendants insist—based on a cursory search of real estate prices on "Zillow"—a $400 hourly rate is appropriate for Worcester. The First Circuit has held that rates should ordinarily be decided by the locality of the court, not where the counsel come from, but that District Courts have significant flexibility in setting reasonable rates. *Gross III*, 880 F.3d at 23-24. The Court concludes that a local Worcester rate is appropriate. However, the appropriate means of determining that rate is not Zillow searches.

Given that both lawyers are experienced ERISA litigators and partner-level lawyers, this Court, considering its knowledge of local rates, finds a lodestar of $600 an hour appropriate for this locality.

#### b.  Determining whether the hours are "reasonable"

Plaintiff requests 97.65 hours for counsel Feigenbaum and 78.3 hours for counsel Ravis. Plaintiff notes that they are not seeking time for pre-suit activities, communications with the court, all of the time spent conferring with each other, and that counsel Ravis is not seeking reimbursement for their legal assistant.

Defendants argue that the hours charged are excessive for two partner-level attorneys, given that one of them could have handled the case on their own and argue a 25% reduction would be appropriate. Plaintiff responds with numerous affidavits from experienced ERISA litigators attesting to the reasonableness of the fees. The Supreme Court has warned that:

> Trial courts need not, and indeed should not, become green-eyeshade accountants. The goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838 (2011). On the whole, the hours requested do not strike the Court as unreasonable and no reduction is warranted on those grounds.

### c. Reducing for unsuccessful motions

The hours may be split into three rough categories: time spent opposing the motion to transfer, time spent on discovery motions, and time on the summary judgment motion as well as the "case" generally. This is outlined in the table below:

|  | Feigenbaum | Ravis |
| --- | --- | --- |
| Motion to Transfer | 13.4 | 6.4 |
| Discovery Motions | 12.45 | 31.6 |
| Summary Judgment / the case | 71.8 | 40.3 |

Plaintiffs will recover for all work spent opposing the motion to transfer, which they won. Defendants' argument that this is a "mere procedural victory" misreads *Hardt*. There, the Supreme Court held plaintiffs could not recover if the *entire victory* was merely procedural, not that plaintiffs could not recover for fees expended on procedural victories on the way to a substantive victory. *Hardt*, 560 U.S. at 255. In multiple filings before this Court, the defendants have argued they would have prevailed under Tenth Circuit precedent. Without passing on the

truth of that contention, the defendants cannot, in the same breath, argue that the victory on the motion to transfer was "merely procedural." Thus, Counsel Feigenbaum will receive $8,040 and Counsel Ravis will receive $3,840.

The Court agrees with defendants that the time spent on discovery motions is not recoverable because plaintiff lost those motions.[2] Plaintiff's argument that discovery motions are standard practice in an ERISA case misses the point: plaintiff did not succeed on those motions and therefore those motions did not contribute to their success. *See, e.g.*, *Gross*, 105 F. Supp. 3d at 138 (plaintiff cannot recover attorney's fees for unsuccessful discovery motions).

In accordance with the *Cottrill* analysis above, plaintiff will receive 55% of the remaining fees for work done on the general case (drafting the complaint, reviewing the administrative record, keeping the plaintiff apprised of the case's trajectory, etc.) and work done for summary judgment. *Gross III*, 880 F.3d at 25 (reducing an award for partial success); *cf. id.* at 24-25 (reversing a district court that significantly reduced an award for "off-the-mark" theories when the plaintiff won both remand and benefits). Thus, Counsel Feigenbaum will receive $23,694 and Counsel Ravis will receive $13,299. Plaintiff may also recover the $400 filing fee.

## Conclusion

For the reasons discussed above, the Court ***grants in part*** and ***denies in part*** plaintiff's motion, awarding $31,734 to Counsel Feigenbaum and $17,139 to Counsel Ravis, as well as the $400 filing fee.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[2] The Court has calculated the amount spent on this and the other categories slightly differently than defendants.